[Civ. No. 4810. Fourth Dist. Oct. 16, 1953.]

FREDERICK A. GAGE, Respondent, v. H. C. KERN, Appellant.

Ruel Liggett, Roy M. Cleator and E. C. Davis for Appellant.

White & Condra for Respondent.

BARNARD, P. J.—The plaintiff was employed as care-taker on the defendant's mountain ranch from December 16, 1948, to October 11, 1950. In February, 1951, he brought this action to recover compensation for his services. In the second count of a cross-complaint the defendant sought damages, alleging that the plaintiff had injured "various oak trees" by cutting, chopping and sawing them "in such a careless, wasteful, improper and destructive manner as to cause the said trees to be deformed and to become sick and, in most cases, to die." When the evidence was all in, and before arguments to the jury, the court granted the plaintiff's motion for a nonsuit as to this count. The jury returned a verdict in favor of the plaintiff upon the complaint and upon the first cause of action of the cross-complaint. A motion for a new trial was denied, and the defendant has appealed from the judgment.

No attack is made on the judgment insofar as it relates to the complaint and the first cause of action of the cross-complaint. Appellant's sole contention is that the evidence, while indefinite and uncertain as to the extent and amount of damage, was sufficient to require the submission of that issue to the jury. It was and is claimed that the respondent injured some trees by cutting burls, without covering the wounds on the trees with paint, cement or some

kind of tree seal. Apparently, these burls were cut in 1949, although the time is not clearly disclosed by the record. The appellant admits that he sold this ranch about a year after the cutting of the burls, and prior to the trial of the action; that nothing was said before the sale about the injured trees; and that he did not know whether the buyer noticed the damage, or whether he paid less for the property than he would otherwise have paid.

The appeal is taken upon a partial transcript containing certain testimony of the appellant, and of a witness named Lamb. Lamb testified that in May, 1952, he saw some trees on appellant's ranch; that he thought they were 75 or 100 years old; that some trees had rotted where burls or limbs had been cut and no tree seal applied; that where such a seal was not applied the weather would cause a tree to rot; and that such deterioration as he saw would come about in from three months to a year. The appellant testified that he went to the ranch one morning and saw the respondent with six or seven burls; that the respondent told him that he was cutting burls and selling them; that he asked respondent if this was not "a heck of a job"; that he did not look to see what trees the burls came from; that the next day he saw the respondent cutting a burl; that the respondent said to him "This might turn out to be pretty good. If it does, Kern, I'll cut you in on half of it"; and that "I passed it off then and thought no more of it at all." He further testified that in March, 1951, he noticed that some of the trees were dying; that he had the ranch up for sale at that time; that the trees which were dying were the ones from which burls had been cut, and apparently the winter rains had started them to rot; that no attempt had been made to seal up the cuts; that he was familiar with cutting burls from trees and knew that sealing was necessary in order to prevent injury; that he did not object when he saw that the respondent was cutting burls from the trees and made no protest; that he did not put on tree seal or tell the respondent to do so; that he did not tell the respondent not to cut burls or make any protest until he filed his cross-complaint; that he saw indications within two or three months that the trees were being injured but did nothing about it; that he cut his asking price for the ranch from $65,000 to $45,000, and the injury to the trees was a contributing factor in this; that he figured the ranch was damaged in the amount of $2,500 because probably

25 trees would die, and he figured the value of each tree would be at least $100; and that he attributed the value of the ranch, in part, to the trees. When asked why he did not stop the respondent when he saw that he was cutting burls the appellant replied that the respondent "wanted exercise" and that "I figured if he was getting any money out of it, going ahead and cutting these burls off, and supposing he had sense enough to take care of the trees after he cut them off, I had no objection to him doing it." When asked if he had not acquiesced in the respondent's cutting the burls, he replied "I just passed it off."

The evidence as to the number of burls cut by the respondent, the number of trees injured, and the extent of any possible damage is very unsatisfactory. The evidence does disclose that the value of the trees for wood or lumber was not considered by the appellant, and that he considered their value only as a part of the ranch. He had sold the farm long before he made any complaint and his evidence indicates that the then condition of the trees had nothing to do with the price he received. While he testified that he cut his asking price for the ranch and that the then condition of the trees was a contributing factor in this, there was no evidence that his original asking price was reasonable. No evidence was offered as to the value of the ranch before and after the alleged injury to the trees, and there is no satisfactory evidence of any material damage to the ranch as such.

Assuming that there was some evidence of damage which would otherwise have required the submission of this issue to the jury, the evidence clearly shows that the appellant acquiesced in the cutting of these burls, failed to take steps he knew were necessary to prevent injury, and by his own conduct waived any right to claim damages therefor. No contention is or was made that the cutting of these burls, in itself, caused any injury to these trees. Injury is claimed in that, after the burls were cut, proper steps were not taken to prevent injury by weather. The appellant knew of the necessity for that, and failed to either take that precaution or tell the respondent about the necessity therefor. There is no evidence that the respondent knew that any such steps were necessary, and the injury claimed could have been prevented had the appellant taken the obvious steps that were open to him and known to him.

Insofar as the record shows, the evidence is not sufficiently substantial to justify the presentation of this issue to the

jury, and there is nothing in the record to indicate that the order complained of could have affected the result or that it resulted in prejudice to the appellant. The appellant further contends that if the granting of a nonsuit on this issue should be reversed, the entire judgment should be reversed so that all the issues could be tried together. Apparently, this discloses the real reason for this appeal. If the record required a reversal on that issue, no valid reason appears why the other issues which were determined by the jury, and again by the court, should be retried.

The judgment is affirmed.

Griffin, J., concurred.